IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHANIE ARMOUR,**<br>2215 38th Street<br>Washington, DC 20007<br><br>    *Plaintiff*,<br><br>    v.<br><br>**DOW JONES & COMPANY, INC.,**<br>1211 Avenue of the Americas<br>New York, NY 10036<br><br>    *Defendant*. | Civil Action No. 1:24-cv-2309 |

### DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Defendant Dow Jones & Company, Inc. ("Dow Jones" or "Defendant") hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Defendant bases its removal on the following grounds:

### PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1. On July 9, 2024, Plaintiff Stephanie Armour filed a complaint in the Superior Court for the District of Columbia, captioned *Stephanie Armour v. Dow Jones & Company, Inc.* Case No. 2024-CAB-004276. A copy of the Complaint is attached hereto and marked as Exhibit A. A copy of the Summons is attached hereto and marked as Exhibit B.

2. The District of Columbia Superior Court issued an Initial Order. True and correct copies of those and other related District of Columbia Superior Court filings are included as Exhibit C.

3. On July 17, 2024, counsel for Dow Jones, accepted service of the Summons and Complaint on behalf of Dow Jones.

4. The deadline to file a removal in this matter is 30 days after Defendant accepted service of the initial pleading, which is August 16, 2024. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added). This Notice of Removal is timely and compliant with 28 U.S.C. §§ 1441 and 1446.

5. A copy of all process documents, pleadings, and orders are attached in Exhibits A-C filed with Defendant's Notice of Removal.

6. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

7. The Superior Court for the District of Columbia is located within the District for the District of Columbia. Venue is proper in the United States District Court for the District of Columbia because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2007) (quotations and citations omitted).

9. Plaintiff is a citizen of the District of Columbia. *See* Ex. A, at p. 1 (Plaintiff listing her address as 2215 38th Street, Washington D.C.); *id.* at p. 3.

10. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the Delaware and is thereby a

citizen of said state. In addition to being incorporated in Delaware, Defendant's principal place of business is located in New York City, New York, 10036. *See* Exhibit D, Declaration of Kevin Chapman at ¶ 3. Consequently, Dow Jones is a citizen of both Delaware and New York. *See Hertz v. Friend*, 559 U.S. 77, 78-79 (2010) (for purposes of diversity jurisdiction, a corporation's "principal place of business" is normally the location of its headquarters).

11. As this Circuit recognized, the nerve-center test, as laid out by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is the proper test for determining a corporation's principal place of business. To determine a company's principal place of business, courts look at:

> the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 23 (D.C. 2016) (quoting *Hertz*, 559 U.S. at 92-93.

12. Here, at all times relevant, Defendant's principal place of business is its headquarters, which is located in New York City, New York. Defendant's direction, control, and coordination come from its headquarters.

13. Accordingly, because Defendant is a citizen of New York and Delaware and Plaintiff is a citizen of the District of Columbia, diversity jurisdiction is established.

14. If the complaint does not specify the amount in controversy, as here, the Court may undertake an independent assessment of whether the amount in controversy meets jurisdictionally requirements. *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 63 (D.D.C. 2011).

15. This is borne out of the allegations set forth in the Complaint. Plaintiff asserts claims of unlawful termination of employment and in her initial pleading, alleges she is entitled to front pay, compensatory damages, punitive damages, reasonable attorneys' fees and expenses,

3

prejudgment interest and such other relief as the court deems just. *See* Ex. A, at p.27.  At the time of Plaintiff's termination of employment, her annual salary was $202,620.60. Ex. D, ¶ 4. Furthermore, there is no cap on compensatory damages under the District of Columbia Human Rights Act ("DCHRA"). *See Daka, Inc. v. Breiner,* 711 A.2d 86, 102 (D.C. 1998)  ("the DCHRA does not limit allowable damages."). Although Defendant denies any wrong doing, if Plaintiff were to succeed on the merits of her claim, her recovery could easily exceed $75,000.

16. Accordingly, because diversity citizenship exists and the amount-in-controversy exceeds $75,000, removal to this court is proper pursuant to 28 U.S.C. § 1332(a).

17. Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing Notice of Removal attached hereto as Exhibit E.

18. By removing this matter, Defendant does not waive or intend to waive any defense.

## CONCLUSION

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this Court exercise original jurisdiction over this action so that the entire court action under Civil Action Number 2023-CAB-004276, now pending in the Superior Court for the District of Columbia, is removed to this Court for all further proceedings.

Dated:  August 7, 2024

    Respectfully submitted,

     */s/ Robert R. Niccolini*
Robert R. Niccolini, D.C. Bar No. 1000251
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006

        Tel:  (202) 887-0855
        Fax:  (202) 887-0866
        Robert.niccolini@ogletreedeakins.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 7th day of August, 2024, with a copy served by electronic mail and United States mail, postage prepaid to:

        Robert Housman
        Book Hill Partners
        9001 Clifford Avenue
        Chevy Chase, MD 20815
        (202) 476-5874

*Counsel for Plaintiff*

        /s/ Robert R. Niccolini
        Robert R. Niccolini, D.C. Bar No. 1000251
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        1909 K Street, N.W., Suite 1000
        Washington, DC 20006
        Tel:  (202) 887-0855
        Fax:  (202) 887-0866
        robert.niccolini@ogletreedeakins.com

*Counsel for Defendant*